John Stelk, Individually and as Trustee, Appellant, v. Sophie Hoff et al., Appellees.

Gen. No. 23,333.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Fredderick A. Smith, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed April 16, 1918. Rehearing denied April 29, 1918.

### Statement of the Case.

Bill by John Stelk, individually and as trustee, complainant, against Sophie Hoff et al., defendants, to foreclose a trust deed to him from Sophie Hoff, executed June 14, 1915, to secure the sum of $554. Defendant, Emil M. Weber, filed a cross-bill, individually and as successor in trust to Charles Weber, trustee, to foreclose a trust deed to the same premises, executed by Peter Hoff and his wife, said Sophie, February 2, 1907, to secure a debt of $1,000 to a firm, of which said Webers were members. The acknowledgment of the last-mentioned trust deed was taken before Bertha Weber, another member of that firm. The issues presented raised as the main question whether the trust deed of February 2, 1907, was a mere extension or renewal of a previous trust deed of November 2, 1897, to the same trustee, executed by Friederike Wilkie to secure her note to her own order for $1,000 in three years, which was released in 1901. From a decree for defendants, complainant appeals.

G. A. Buresh, for appellant.

Roy L. Kranzow, for appellee Hoff.

Matthew P. Brady, for appellee Weber.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## · Abstract of the Decision.

**1.** MORTGAGES, § 237*—*when change in evidence of debt or form of security does not cancel old debt.* Change in the evidence of a debt or the form of security therefor does not cancel the old debt where the intention of the parties is to continue in force the original debt.

**2.** HOMESTEAD, § 41*—*when not acquired.* As against an existing lien, rights of homestead cannot be acquired by a subsequent conveyance.

**3.** MORTGAGES, § 124*—*when lien of trust deed shown to be inferior to prior trust deed.* On a bill to foreclose a trust deed, evidence *held* to show that the lien of such deed was inferior to that of a previously executed trust deed covering the same property.

## The People of the State of Illinois ex rel. James C. Bailey, Defendant in Error, v. City of Chicago et al., Plaintiffs in Error.

### Gen. No. 23,359.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed April 16, 1918.

## Statement of the Case.

Petition by the People of the State of Illinois, on the relation of James C. Bailey, against City of Chicago and others, respondents, for a writ of mandamus to compel respondents to place relator's name on the list of officers of the police department of the City of Chicago as a first-class detective sergeant of police.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.